IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KERRY BROOKS, | ) | |
| Movant, | ) ) ) | |
| vs. | ) ) | Case No. 06-03466-CV-S-ODS |
| UNITED STATES OF AMERICA, | ) ) | Crim. No. 02-03113-01-CR-S-ODS |
| Respondent. | ) ) | |

## ORDER AND OPINION DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. After reviewing the file, the Court concludes the motion should be denied.

## I. BACKGROUND

Movant was arrested in Springfield, Missouri on October 21, 2002. On April 8, 2004, Movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e)(1). In the plea agreement, Movant admitted possessing a .38-caliber firearm, after being convicted of four prior felonies, each of which was a violent felony offense or serious drug offense. He was sentenced to 210 months imprisonment. In the plea agreement, Movant acknowledged he understood that he was subject to a term of imprisonment of not less than 15 years imprisonment, and the actual term of imprisonment would be determined pursuant to the United State Sentencing Guidelines. Movant appealed the sentence and the Eighth Circuit affirmed his conviction and sentence. A petition for a writ of certiorari to the United States Supreme Court was denied on December 5, 2005.

Movant initiated this proceeding on November 29, 2006, alleging (1) the Court erred by adopting police reports to establish the Armed Criminal Career Act enhancement, (2) the Court failed to inform Movant of the possible sentence he faced in connection with the charge and (3) his attorney was ineffective for failing to file a motion

to suppress the evidence and in failing to object to the enhancement of his sentence. In the plea agreement, Movant expressly waived his right to challenge his sentence, regardless of whether the challenge was presented on direct appeal or collaterally. Movant's instant claims involve sentencing matters and are effectively waived. Nevertheless, the Court will address each of his claims.

## II. DISCUSSION

### A. Armed Career Criminal

Movant first claims he was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(e), arguing the pre-sentence report "used inaccurate and unfounded police reports to enhance Movant's sentence." In the plea agreement, Movant admits to four other felony convictions, including robbery in the second degree, attempted robbery in the first degree, sale of a controlled substance and sale of a controlled substance near a school. (Plea Agrmt. ¶ 2). The facts admitted by Movant are sufficient to support an enhancement and any additional fact findings by the Court would be unnecessary. United States v. Paine, 407 F.3d 958, 963 (8th Cir. 2005). Accordingly, Movant's first claim is denied.

### B. Applicable Range of Punishment

Movant's second argument, while labeled "Involuntary Plea of Guilty," asserts the Court "failed to inform him of the possible 18 U.S.C. § 924(e) enhancement and mandatory sentence of 924(e)" in violation of Code of Criminal Procedure Rule 11. However, during the plea hearing on April 8, 2004, Judge England asked Movant if he understood "that if convicted of the charge in Count Two, that the range of punishment is not less than 15 years imprisonment, not more than life," to which Movant answered in the affirmative. (Plea Tr. 3). Further, the plea agreement clearly states "the defendant understands that the maximum sentence which may be imposed is life imprisonment." (Plea Agrmt. ¶ 4). Movant's second claim for relief is denied.

### C. Ineffective Assistance of Counsel

2

Finally, Movant argues he was denied effective assistance of counsel because his counsel failed to file a motion to suppress and failed to object to sentence enhancements. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Movant claims counsel should have moved to suppress evidence because the arresting officer gave conflicting statements regarding the arrest. However, he provides no facts which demonstrate a reasonable probability that he would have been successful in pursuing a motion to suppress. Finally, Movant argues his counsel was ineffective for failing to challenge sentence enhancements under 18 U.S.C. § 924(e). In both the plea hearing and plea agreement, Movant admitted he had been convicted of four prior felonies and indicated his understanding of the sentencing guidelines, namely,

3

the maximum sentence of life imprisonment. Accordingly, Movant's third claim for relief is denied.

### III.  CONCLUSION

For these reasons, the Motion for Postconviction Relief is denied.

IT IS SO ORDERED.

                                                    /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, JUDGE
DATE: March 26, 2007               UNITED STATES DISTRICT COURT